UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
---------------------------------------------------X
Ariel Ben Dor,

      Plaintiff,

  -against-

International Computer Systems, Inc.
d/b/a First Collection Services
      Defendant.
---------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

  Plaintiff Ariel Ben Dor ("Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, as and for his Complaint against Defendant International Computer Systems, Inc. d/b/a First Collection Services ("Defendant"), respectfully sets forth, complains, and alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation(s) of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a natural person and a resident of the State of Florida, County of Broward, residing at 504 Woodgate Circle, Sunrise, Florida 33326. At all relevant times herein, Plaintiff maintained his residence at this address.

1

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Arkansas and authorized to conduct business in the State of Florida. Upon further information and belief, Defendant is a collection firm with its principal place of business at 10925 Otter Creek E Blvd Mabelvale, Arkansas 72103.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.fcscollects.com, Defendant informs visitors to the site, "We are committed to be [sic] a leader in providing cost effective innovative collections services that produce maximum recoveries." Thus, Defendant holds itself out as a "debt collector" and is subject to the requirements of the FDCPA.

6. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Plaintiff allegedly incurred a debt ("Alleged Debt") to Fairfield Bay Community Club ("Original Creditor"). Upon information and belief, the Alleged Debt is the type of debt the FDCPA was designed to regulate.

11. On or about April 11, 2012, Defendant sent Plaintiff a collection letter, attempting to collect the Alleged Debt. The collection letter stated that Plaintiff owed an amount of $10,998.78. (See Collection Letter, attached hereto and incorporated herein by reference as "Exhibit A".)

12. On or about June 6, 2012, Plaintiff sent a dispute letter to Defendant, requesting validation of the Alleged Debt. (See Dispute Letter, attached hereto and incorporated herein by reference as "Exhibit B".)

13. On or about June 21, 2012, Defendant sent Plaintiff a verification letter. Said letter stated a balance due of $2,302.85 for the same account number listed in Defendant's collection letter. This stated balance is inconsistent with the original collection demand of $10,998.85. (See Verification Letter, attached hereto and incorporated herein by reference as "Exhibit C".)

14. Upon information and belief, Defendant reported five (5) separate debt accounts to Plaintiff's credit report. Each of the accounts listed the same Original Creditor but

different amounts. Only one of the accounts listed the same account number included in Defendant's correspondence with Plaintiff; Defendant provided no substantiating documents for the rest of the accounts. Defendant failed to update any of these entries as disputed.

15. Said actions on the part of Defendant is a violation of 15 U.S.C. §1692e, which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

16. Said actions on the part of Defendant is a violation 15 U.S.C. §1692e(2), which prohibits misrepresenting the "character, amount or legal status of an alleged debt."

17. Said actions on the part of Defendant is a violation of 15 U.S.C. §1692e(8), which prohibits communicating "false credit information, including the failure to communicate that a disputed debt is disputed."

18. Said actions on the part of Defendant is a violation of 15 U.S.C. §1692e(10), which prohibits the use of any "false representation or deceptive means in attempt to collect a debt."

19. Said actions on the part of Defendant is also a violation of 15 U.S.C. §1692f(1), which prohibits collection of any "amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

20. As a result of the Defendants' deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e)

22. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false and deceptive representation when it tried to collect an amount it had no right to collect with its April 11, 2012 collection letter.

24. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(2))

25. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

26. The Defendant's conduct violated 15 U.S.C. §1692e(2) in that the Defendant misrepresented the character, amount, or legal status of the debt in its April 11, 2012 collection letter.

27. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(8))

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

29. The Defendant's conduct violated 15 U.S.C. §1692e(8) in that the Defendant failed to communicate to the credit reporting agency that the Alleged Debt was disputed.

30. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(10))

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

32. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendant used false representation and deceptive means in attempt to collect the debt when it tried to collect an amount it had no right to collect with its April 11, 2012 collection letter.

33. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692f(1))

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

35. The Defendant's conduct violated 15 U.S.C. §1692f(1) in that the Defendant attempted to collect an amount it had no right to collect with its April 11, 2012 collection letter.

36. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

37. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ariel Ben Dor demands judgment against the Defendant First Collection Services, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

D. For a declaration that the Defendants' practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
February 26, 2013

Respectfully submitted,

By: s/Jerald Alan Belofsky
   Jerald Alan Belofsky, Esq. (249262)
   Fredrick Schulman & Associates
   Attorneys at Law
   Attorney for Plaintiff
   30 East 29TH Street
   New York, New York 10016
   P. (212) 796-6053
   F. (212) 951-7379
   info@fschulmanlaw.com